IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JANET ADKISON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 2:08CV99 |
| | ) |
| SIKORSKY SUPPORT | ) |
| SERVICES, INC. | ) |
| | ) JURY TRIAL DEMANDED |
| Defendant. | ) |
| | ) |

## COMPLAINT

COMES NOW Plaintiff Janet Adkison against the above-captioned defendant and would show unto the Court as follows:

### JURISDICTION AND VENUE

1. Plaintiff files this Complaint and invokes the jurisdiction of this Court under and by virtue of 28 U.S.C. §1331 and §1343 to obtain compensatory damages and equitable relief. Defendant violated Plaintiff's rights as guaranteed by the Constitution of the United States and by Federal law, particularly 42 U.S.C. § 2000e, et seq., and 42 U.S.C. §1981.

2. The violations of Plaintiff's rights as alleged herein occurred in Pike County, Alabama and were committed within the Middle District of the State of Alabama.

### PARTIES

3. Plaintiff Janet Adkison, who is over the age of 19 years, is and at all times material hereto was a citizen of the United States and the State of Alabama, residing in Pike County,

Alabama.

4. Defendant Sikorsky Support Services, Inc., is a business entity located in or doing business in Pike County, Alabama, whose further identity is presently unknown to Plaintiff.

## NATURE OF PROCEEDINGS

5. This is a proceeding for a declaratory judgment as to Plaintiff's rights and for a permanent injunction, restraining Defendant from maintaining a policy, practice, custom or usage of discrimination against Plaintiff or others similarly situated because of race arising under 42 U.S.C. § 2000e or under 42 U.S.C. § 1981. The Complaint also seeks restitution to Plaintiff of all rights, privileges, benefits, and income that would have been received by Plaintiff but for Defendant's unlawful and discriminatory practices. Further, Plaintiff seeks compensatory and punitive damages for her suffering as a consequence of the wrongs alleged herein. Further, Plaintiff seeks such equitable relief, including back pay and a reasonable amount of front pay in lieu of reinstatement, as to which she may be entitled. Plaintiff avers that Defendant acted to deny Plaintiff her rights under the laws of the United States of America and such action was designed to intentionally discriminate against Plaintiff because of her interracial relationship with her paramour.

6. Plaintiff avers that Defendant's actions were designed to prevent her and others similarly situated from obtaining an equality with non-protected group members in obtaining employment opportunities such as promotions and continued employment. Further, Plaintiff avers that Defendant has maintained a pattern of discrimination against African Americans in hiring, retention, and promotions.

7. As a proximate result of the illegal actions alleged above, Plaintiff has been damaged in that she has been deprived of an opportunity for employment, wages, and benefits, as well as caused to suffer great humiliation and mental anguish from then until now.

8. Plaintiff avers that Defendant acted intentionally to deprive Plaintiff of her rights as alleged above and to cause Plaintiff mental anguish and to discriminate against her because of her race. Plaintiff filed a charge of discrimination with the EEOC. Plaintiff timely files this action after receiving her right to sue letter from the United States Department of Justice dated November 16, 2007.

## FACTS

9. Plaintiff expressly adopts as if fully set forth herein the allegations in each of the foregoing paragraphs.

10. Plaintiff is a white female who is and at all times material hereto was romantically involved with Keith Sistrunk, an African American male.

11. On November 13, 2006, Plaintiff began pre-employment training for Defendant

12. On November 16, 2006 Defendant gave Plaintiff a conditional offer for employment. One of the conditions of employment was that she successfully complete the training course.

13. While most individuals hired in the training program had no previous experience, Plaintiff had prior experience working with sheet metal and shooting rivets.

14. Plaintiff did not miss any classes, was always on time, and participated in the class.

15. The training classes were taught by three of Defendant's employees: Ben Bagwell, John Large, and Joshua Downs.

16. Plaintiff was having average success in the class; she was neither at the top nor at the bottom.

17. Keith Sistrunk, an employee of the Defendant, would sometimes meet with Plaintiff while the class was on break. On one occasion Plaintiff saw instructor Joshua Downs staring at them with an odd look on his face.

18. Thereafter during class, instructor Joshua Downs would answer Plaintiff's questions curtly, as though her questions were dumb. Downs also would joke about "dumb blondes" in front of Plaintiff with other men in her class.

19. On December 13, 2006, Plaintiff was told by instructor Ben Bagwell that she was progressing well.

20. On December 14, 2006, Plaintiff was informed that Defendant was no longer considering hiring her and that she was being dropped from the class. No cause was given.

21. No other students were dropped from the class except those who failed to meet the class attendance requirement.

22. Agreement from all three instructors was required to drop someone from the class.

23. Instructors Ben Bagwell and John Large were unaware of Plaintiff's dismissal and would not have recommended her dismissal from the class.

24. On December 18, 2006, Plaintiff contacted Tom Melton from Defendant's Human Resource Department to inquire why she was dropped. Melton stated he did not know because the class instructors made the decision.

25. On December 18, 2006, upon inquiry Melton informed Keith Sistrunk that "the instructors said she just didn't fit in with the class.

26. On February 27, 2007, in response to an EEOC investigation Defendant stated the reason that Plaintiff was denied employment was for failing to complete its training program.

## CAUSES OF ACTION

27. Plaintiff expressly adopts with respect to each cause of action as if fully set forth in each claim the allegations contained in each and all of the foregoing paragraphs.

## COUNT ONE - DISCRIMINATION IN VIOLATION OF 42 U.S.C. §1981

28. Plaintiff is a member of a protected class, white.

29. Plaintiff was subjected to adverse and discriminatory treatment due to her relationship with an African American male sufficient to deprive her of an opportunity for gainful employment, wages, and benefits, and the treatment to which she was subjected was because of her race, white.

30. Plaintiff was subjected to an adverse employment action, denial of training and failure to hire.

22. Members of non-protected classes were not and would not have been subjected to the employment actions visited upon Plaintiff.

23. Plaintiff has been injured thereby.

## COUNT TWO - DISCRIMINATION IN VIOLATION OF TITLE VII

19. Plaintiff is a member of a protected class, white.

20. Plaintiff was subjected to adverse and discriminatory treatment due to her relationship with an African American male sufficient to deprive her of an opportunity for gainful employment, wages, and benefits, and the treatment to which she was subjected was because of her race, white.

21. Plaintiff was subjected to an adverse employment action, denial of training and failure to hire.

22. Members of non-protected classes were not and would not have been subjected to the employment actions visited upon Plaintiff.

23. Plaintiff has been injured thereby.

## PRAYER FOR RELIEF

WHEREFORE THE PREMISES CONSIDERED, the Plaintiff requests the Court to:

a) Enter a declaratory judgment that the discriminatory practices complained of herein are unlawful and violative of 42 U.S.C. §1981 and 42 U.S.C. § 2000e, et seq.;

b) Permanently enjoin Defendant, its agents, successors, officers, employees, attorneys and those action in concert with it or them from engaging in each of the unlawful practices, policies, customs, and usages set forth herein, and from continuing any and all other practices shown to be in violation of applicable law;

c) Order modification or elimination of practices, policies, customs, and usages set forth herein and all other such practices shown to be in violation of applicable law that they do not discriminate on the basis of sex, race or disability;

d) Grant Compensatory damages of three hundred thousand dollars as against Defendant under Title VII and three hundred thousand dollars as against Defendant under 42 USC § 1981;

e) Grant Punitive damages of three hundred thousand dollars as against Defendant under Title VII and three hundred thousand dollars as against Defendant under 42 USC § 1981;

f) Grant Plaintiff the cost of this action including reasonable attorney's fees;

g) Enjoin Defendant from retaliation.

h) Grant such other, further and different relief as this Court may deem just and proper to include back pay, front pay, reinstatement, and all other equitable and legal relief as to which Plaintiff may be entitled.

RESPECTFULLY SUBMITTED on this the _11_ day of February, 2008.

JAY LEWIS (ASB-2014-E66J)
FRED CLEMENTS (ASB-5682-R39C)
Attorneys for Plaintiff

LAW OFFICES OF JAY LEWIS, LLC
P.O. Box 5059
Montgomery, AL 36103
(334) 263-7733 (Voice)
(334) 832-4390 (Fax)
J-Lewis@JayLewisLaw.com

### *PLAINTIFF DEMANDS TRIAL BY STRUCK JURY*

DUPLICATE

Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602003850
Cashier ID: khaynes
Transaction Date: 02/12/2008
Payer Name: LAW OFFICES OF JAY LEWIS LLC

CIVIL FILING FEE
 For: LAW OFFICES OF JAY LEWIS LLC
 Case/Party: D-ALM-2-08-CV-000099-001
 Amount:         $350.00

CHECK
 Check/Money Order Num: 6061
 Amt Tendered:   $350.00

Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00

2:08-cv-00099-CSC


Adkison v. Sikorsky Support
Services, Inc.