IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JANET ADKISON, )<br>)<br>Plaintiff, )<br>)<br>) <br>v. )<br>)<br>SIKORSKY SUPPORT )<br>SERVICES, INC., )<br>)<br>Defendant. ) | CIVIL ACTION NO.<br><br>2:08CV99-CSC |

## ANSWER

1. Defendant admits plaintiff seeks to invoke the jurisdiction of this Court pursuant to 28 U.S.C. §1331 and §1343 to recover damages. Defendant denies the remaining allegations in Paragraph 1.

2. Defendant denies any violations of Plaintiff's rights occurred.

3. Based upon information and belief, admitted.

4. Denied.

5. Defendant denies the allegations in Paragraph 5 and denies that plaintiff is entitled to any relief or recovery.

6. Defendant denies the allegations in Paragraph 6.

7. Defendant denies the allegations in Paragraph 7.

8. Upon information and belief, Defendant understands that Plaintiff filed a Charge of Discrimination against Sikorsky Aircraft Corporation. Defendant denies the remaining allegations in Paragraph 8.

## FACTS

9. Defendant reasserts and adopts it responses to Paragraphs 1-8.

10. Defendant admits Plaintiff is a white female. Defendant is without information sufficient to allow it to admit or deny the remaining allegations of Paragraph 10.

11. Denied. Plaintiff began training for Sikorsky Aircraft Corporation on or about November 13, 2006.

12. Denied. Plaintiff received a conditional offer of employment from Sikorsky Aircraft Corporation provided she met certain conditions and contingencies, including but not limited to successful completion of the training program. Plaintiff was never an employee of defendant or Sikorsky Aircraft Corporation.

13. Defendant is without information sufficient to allow it to admit or deny the allegations in Paragraph 13.

14. Defendant is without information sufficient to allow it to admit or deny the allegations in Paragraph 14, as the class was conducted by the Alabama Industrial Department Training ("AIDT") with the assistance of employees of Sikorsky Aircraft Corporation.

15. Denied. The class was overseen and administered by AIDT. Defendant understands that AIDT paid employees of Sikorsky Aircraft Corporation, including the employees mentioned in Paragraph 15, to teach the training class.

16. Denied.

17. Defendant is without information sufficient to allow it to admit or deny the allegations in Paragraph 17, and therefore denies the same.

18. Defendant is without information sufficient to allow it to admit or deny the allegations in Paragraph 18, and therefore denies the same.

19. Defendant is without information sufficient to allow it to admit or deny the allegations in Paragraph 19, and therefore denies the same. Bagwell does not recall making this comment and might have made generally encouraging comments to plaintiff and others in the training course. He denies singling out plaintiff for praise because he did not believe she deserved it.

20. Denied. Defendant understands that Sikorsky Aircraft Corporation dismissed plaintiff from the training class because she was not performing well in the class.

21. Based upon information and belief, defendant states plaintiff was not the only person who failed to successfully complete the training class and denies that plaintiff was discriminated against in any manner.

22. Denied.

23. Admitted that neither Ben Bagwell nor John Large was aware of plaintiff's dismissal before it occurred. Denied that they would have disagreed with Joshua Downs' recommendation.

24. Defendant is without information sufficient to allow it to admit or deny the allegations in Paragraph 24, and therefore denies the same.

25. Defendant is without information sufficient to allow it to admit or deny the allegations in Paragraph 25, and therefore denies the same.

26. Denied. Plaintiff did not file a Charge of Discrimination against defendant.

## CAUSES OF ACTION

27.     Defendant adopts and incorporates by reference its responses to Paragraph 1-26 of Plaintiff's Complaint.

### COUNT ONE--DISCRIMINATION IN VIOLATION OF 42 U.S.C. §1981

28.     Defendant admits Plaintiff is white but denies she is in a protected class for purposes of this lawsuit.

29.     Defendant denies the allegations in Paragraph 29.

30.     Defendant denies the allegations in Paragraph 30.

31.     Defendant denies the allegations in Paragraph 22 (sic).

32.     Defendant denies the allegations in Paragraph 23 (sic).

### COUNT TWO -- DISCRIMINATION IN VIOLATION OF TITLE VII

33.     In response to Paragraph 19 (sic), Defendant admits Plaintiff is white but denies she is in a protected class for purposes of this lawsuit.

34.     Defendant denies the allegations in Paragraph 20 (sic).

35.     Defendant denies the allegations in Paragraph 21 (sic).

36.     Defendant denies the allegations in Paragraph 22 (sic).

37.     Defendant denies the allegations in Paragraph 23 (sic).

### PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to recover any of the relief and damages sought in the Prayer for Relief.

## **AFFIRMATIVE DEFENSES**

1. Defendant avers it had no dealings of any sort with plaintiff and never made a conditional offer of employment to her.

2. Defendant is not plaintiff's "employer" under Title VII or 42 U.S.C. §1981.

3. Plaintiff has failed to satisfy the administrative pre-requisites necessary to assert a claim under Title VII. Plaintiff has not filed a Charge of Discrimination against Defendant.

4. Plaintiff has no standing to assert any claim against Defendant.

5. Defendant is not guilty of the matters and things charged in plaintiff's complaint and demands strict proof thereof.

6. Plaintiff was never an employee of defendant.

7. Plaintiff never entered into a contract of any sort with Defendant.

8. Defendant avers that its actions with regard to the plaintiff were based upon a business judgment and not in any way related to a discriminatory motive or intent.

9. Defendant had an established and specific policy preventing discrimination on the basis of race.

10. With regard to some or all of the plaintiff's claims, the plaintiff has failed to satisfy the prerequisites, jurisdictional or otherwise, for the maintenance of her claims.

11. Any decision made by defendant which allegedly affected the plaintiff would have been the same even in the absence of any impermissible consideration, assuming _arguendo_ such existed.

12. Any criteria, factors, circumstances or requirements considered by the defendant were related to legitimate factors and policy requirements and were not based upon any discriminatory or impermissible considerations.

13. Any decision made by the defendant which allegedly affected the plaintiff was consistent with and made as a result of business necessity.

14. Defendant denies that plaintiff was injured or harmed in any way by any alleged act or omission by defendant or its agents.

15. Any and all decisions made or actions taken by defendant which affected plaintiff were based on legitimate, non-discriminatory reasons.

16. Any and all decisions made or taken by defendant which affected plaintiff were based upon reasonable factors other than plaintiff's race.

17. Plaintiff's claims are barred in whole or in part by the applicable statute of limitations or administrative time period for filing a Charge of Discrimination.

18. Defendant denies that it acted with malice or reckless indifference to plaintiff's federally protected rights or otherwise engaged in any conduct which was negligent, intentional, gross, reckless, wanton, malicious, or oppressive.

19. Some or all of plaintiff's claims are barred by res judicata or collateral estoppel, or by the doctrine of accord and satisfaction.

20. Plaintiff's claims are barred in whole or in part because defendant at all times acted in good faith.

21. Defendant avers that it did not participate in, authorize, ratify, or benefit from any alleged wrongful acts asserted in the Complaint.

22. Defendant contests the nature and amount of plaintiff's alleged damages.

23. Any award of punitive damages based on anything other than defendant's conduct in connection with the matters that are the subject of this lawsuit would violate the due process clause of the Fourteenth Amendment to the United States Constitution and the double jeopardy

clause of the Fifth Amendment as incorporated into the Fourteenth Amendment and the Alabama constitutional provisions providing for due process and guarantee against double jeopardy, because any other judgment for punitive damages in this case cannot protect defendant against impermissible multiple punishment for the same wrong.

24.     Any award of punitive damages in this case would violate defendant's rights under the substantive and procedural due process clause of the United States Constitution and of the Constitution of the State of Alabama; the excessive fines clauses of the Eighth Amendment to the United States Constitution; the contract clause of Article One of the United States Constitution; the equal protection clause of the United States Constitution and the Constitution of the State of Alabama.

25.     A punitive damage award in this case will violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, the Commerce Clause, the Equal Protection Clause and the Privileges and Immunities Clause because the award would be based upon an Alabama state enforced policy that unconstitutionally discriminates against defendant in punitive damages cases based upon defendant's status as a corporate entity.

26.     The imposition of punitive damages in this case based upon theories of respondeat superior, agency, vicarious liability, or joint and several liability violate the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

27.     Plaintiff is precluded from the recovery of compensatory and punitive damages under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) et. seq., as there is no evidence of intentional discrimination based upon plaintiff's race or reckless indifference to plaintiff's rights.

28. Plaintiff's claims for damages (both compensatory and punitive) are capped and limited by the applicable provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) et. seq.

29. Plaintiff is precluded from asserting any claims that exceed the scope of her Charge of Discrimination with Equal Employment Opportunity Commission on the grounds that plaintiff has failed to exhaust her administrative remedies.

30. Plaintiff is precluded from recovery under Title VII for any act occurring more than 180 days prior to the filing of her Charges of Discrimination with the Equal Employment Opportunity Commission.

31. Venue in this case is improper, or alternatively more convenient in another forum.

32. Service or service of process on defendant is insufficient.

33. This Court lacks jurisdiction over this defendant.

34. Defendant avers that plaintiff's claims are barred by waiver, estoppel, accord and satisfaction, or release.

35. Defendant had an established and specific policy preventing discrimination on the basis of race or other factors and provides employees with a mechanism to address such claims. Plaintiff's failure to use these internal procedures bars her claims.

36. Plaintiff failed to file her Charge of Discrimination with the Equal Employment Opportunity Commission in a timely manner, and she is thus precluded from bringing some or all of the claims asserted herein under Title VII.

37. Plaintiff is not entitled to any declaratory, injunctive or other equitable relief under the "clean hands" doctrine.

38. Plaintiff is not entitled to recover any of the damages she claims in this suit.

39. Defendant reserves the right to amend and/or supplement this Answer should discovery reveal other available defenses.

_____
One of the Attorneys for Defendant
Sikorsky Support Services

OF COUNSEL:
William H. King, III (KIN029)
Melody H. Eagan (EAGAM9780)
Natasha L. Wilson (WIL326)
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama  35203-3200
(205) 581-0700
(205) 581-0799 (fax)

## CERTIFICATE OF SERVICE

      I hereby certify that on this 4th day of March, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jay Lewis
LAW OFFICES OF JAY LEWIS, LLC
P.O. Box 5059
Montgomery, AL 36103

      And I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants (if applicable):

      Respectfully submitted,

      s/William H. King, III