IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JANET ADKISON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SIKORSKY SUPPORT )<br>SERVICES, INC., )<br>)<br>Defendant. ) | CIVIL ACTION NO.<br><br>2:08CV99-CSC |

## JOINT MOTION FOR ENTRY OF
## PROTECTIVE ORDER

Come now the undersigned counsel for both parties in this action and hereby jointly move that the Court to enter the agreed protective order, attached hereto as Exhibit A, covering the production of confidential information. As grounds for its motion, Defendant states that the parties anticipate producing documents which may be subject to a claim that they contain confidential, proprietary information and/or trade secrets. As is shown by the signatures of all counsel, the parties have negotiated and agreed to the terms of this proposed order.

/s/ Fred L. Clements, Jr.
One of the Attorneys for Plaintiff
(by Natasha L. Wilson, with express permission)

OF COUNSEL:
Joseph (Jay) B. Lewis
Fred L. Clements, Jr.
LAW OFFICES OF JAY LEWIS, LLC
P.O. Box 5059
Montgomery, AL 36103

/s/ *Natasha L. Wilson*
One of the Attorneys for Defendant
Sikorsky Support Services, Inc.

OF COUNSEL:
William H. King, III (KIN029)
Melody H. Eagan (EAGAM9780)
Natasha L. Wilson (WIL326)
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama  35203-3200
(205) 581-0700
(205) 581-0799 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on this <u>9th</u> day of <u>July,</u> 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Joseph (Jay) B. Lewis
Fred L. Clements, Jr.
LAW OFFICES OF JAY LEWIS, LLC
P.O. Box 5059
Montgomery, AL 36103


/s/   *Natasha L. Wilson*

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JANET ADKISON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | |
| ) | 2:08CV99-CSC |
| SIKORSKY SUPPORT ) | |
| SERVICES, INC., ) | |
| ) | |
| Defendant. ) | |

### PROTECTIVE ORDER

Plaintiff, Janet Adkison and Defendant Sikorsky Support Services, Inc. ("Sikorsky") have petitioned this Court to enter a protective order regarding documents produced in this action. The Court finds that the motion is due to be and hereby is GRANTED. Accordingly, it is hereby ORDERED that:

I.     The parties may designate certain information provided in this action as "Confidential" information (discussed below). The Court directs the parties to exercise good faith and restraint in designating documents as "Confidential" and to make such a designation only when a party asserts that such documents merit legal protection, including but not limited to personnel files, personal information and financial information.

II.    "Confidential" information may be designated as follows:

1.     Documents or other tangible materials may be designated as "Confidential" by stamping or writing the appropriate legend on the copies of the documents or other materials produced.

2.     Depositions or other testimony may be designated as "Confidential" by either of the following means: (i) by stating orally on the record that the information is "Confidential" on the day the testimony is given; or (ii) by sending

written notice designating the information as "Confidential" within ten (10) days after the date of the deposition. Deposition testimony related to or concerning documents which have been designated as "confidential" will similarly be treated as confidential pursuant to this Order.

3. Inadvertent failure to designate documents or testimony as "Confidential" at the time of disclosure shall not operate to waive a party's right to later designate such material or information as "Confidential," but no party shall be held in breach of this Order if, in the interim, such material or information has been disclosed to any person(s) not authorized to receive "Confidential" materials and information under this Order, or has been used in a manner inconsistent with this Order. After such a belated designation has been made, however, the relevant materials or testimony shall be treated as "Confidential" in accordance with this Order.

III. Any person responsible for making copies of "Confidential" materials must ensure that the copies adequately reflect the "Confidential" or "Restricted" designation.

IV. Materials designated as "Confidential," including any copies, notes, abstracts or summaries thereof, shall be maintained in confidence by the person to whom such materials are produced or disclosed, and shall not be disclosed to any person except:

    1. the Court and its officers;
    2. court reporters who record depositions or other testimony in this action;
    3. parties to this action;
    4. counsel of record to the parties in this action and the legal associates, paralegals and clerical or other support staff who are employed by such counsel and are actually involved in assisting in such actions;
    5. experts or consultants retained by counsel of record to the parties in this action to assist counsel in preparing such actions for trial; and
    6. trial witnesses in this action in the course of preparation or examination.

V. All persons authorized by this Order to receive information from material designated "Confidential" shall maintain such information as confidential in accordance with this

Order, and shall use such information solely for the purpose of preparing for and conducting this action, and neither materials designated "Confidential" nor the contents thereof shall be used for any business, commercial, or competitive purposes.

VI. Nothing herein shall prevent any of the parties from using "Confidential" materials in connection with any trial, hearing, or other proceeding in this action, and from seeking further protection with respect to the use of any such "Confidential" materials in connection with such trial, hearing or other proceeding in either action.

VII. If a party in possession of materials or information provided by another party, whether or not designated "Confidential" receives from a non-party to this action a subpoena or written demand for production or disclosure encompassing any such materials, the party receiving such subpoena or demand shall immediately give written notice to the party who produced the information, identifying the material sought and enclosing a copy of the subpoena or written demand. At least ten (10) days notice before production or other disclosure shall be given. In no event shall production or disclosure be made fewer than ten (10) days after notice is given.

VIII. All documents or other materials produced shall be returned to the producing party, at the request of the producing party, after there has been a final judgment or resolution of this action, and all copies of such documents will be maintained in storage for three (3) years and thereafter destroyed.

IX. The provisions of this Order may be modified at any time by stipulation of the parties approved by order of the Court. In addition, a party may at any time apply to the Court for modification of this Order pursuant to motion brought in accordance with the rules of the Court.

X.  Nothing in this Order shall prevent any party from disclosing its own confidential information to any person as it deems appropriate, and such disclosure shall not be deemed a waiver of any party's rights or obligations under this Order.

XI.  Nothing in this Order shall constitute: (1) an agreement by the parties to produce any documents or supply any information or testimony in discovery not otherwise agreed upon or required by court order; (2) a waiver by any person or party of any right to object to or seek a further protective order with respect to any discovery request in these or in any other actions; or (3) a waiver of any claim of immunity or privilege with regard to any testimony, documents or information.

XII.  Nothing herein shall be construed to restrict any party's use of information that is possessed or known prior to disclosure by another party, or is public knowledge, or is independently developed or acquired outside of the production and exchange covered by this Order.

XIII.  Nothing in this Order shall be construed to limit the right of any party to contest the designation of a document as "Confidential" or "Restricted" and this Court will remain open to hear any motion contesting such a designation. However, until this Court has heard such a motion, all parties must continue to treat all designated documents as "Confidential" and subject to this Order.

DONE and ORDERED this _____ day of _____, 2008.

_____
United States District Judge

cc:   All Counsel of Record